FILED _____ LODGED
_____ RECEIVED _____ COPY

JAN 13 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1  William J. Myers
PO Box 11866
2  Chandler, Arizona 85248
Tel: 719.661.4813
3  wjmyersjrjr@cox.net
*Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Myers Jr., | Case No. |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| V. | |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800, | **CV-20-00077-PHX-SMB** |
| Defendant. | |

Plaintiff William J. Myers, Jr., for cause of action against the Defendant, hereby alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff William J. Myers, Jr., is, and at all times relevant hereto was, a resident of Maricopa County, State of Arizona.

2. Defendant Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800, is, upon information and belief, a labor and employment law firm, which, at all times relevant hereto, was duly organized and authorized to conduct business in the State of Arizona and actually conducting business in Maricopa County, State of Arizona. Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins") is one of the largest labor and employment law firms, with lawyers strategically located in more than 50 offices across the country. Plaintiff reserves the right to amend this complaint to accurately identify the status of Defendant and its members or partners when the same becomes fully known to Plaintiff.

3. **This Court has jurisdiction of this matter pursuant to A.R.S. § 41-1481(D).**

4. **This Court has jurisdiction of this matter pursuant to A.R.S. § 13-2002.**

5. **This Court has jurisdiction of this matter pursuant to A.R.S. § 13-2004.**

6. **This Court has jurisdiction of this matter pursuant to A.R.S. § 13-2407.**

7. **This Court has jurisdiction of this matter pursuant to A.R.S. § 41-1482.**

8. **This Court has jurisdiction of this matter pursuant to A.R.S. § 13-2310.**

9. **Venue is proper in Maricopa County pursuant to A.R.S. § 12-401(9).**

## <u>RELEVANT FACTS</u>

10. **Plaintiff's prima facie evidence** that Defendant's Officer Ms. Leah S. Freed, counsel for Freescale Semiconductor, Inc. (Freescale), a member of the court, fabricated the document "DECLARATION OF VICTORIA J. BRUSH", dated April 22, 2013 and January 10, 2017, as material evidence is as follows:

   a.  In her deposition on February 27, 2017, Ms. Victoria J. Brush, the assumed declarant for the document "DECLARATION OF VICTORIA J. BRUSH" dated 22 day of April 2013 swore under oath that she **did not write nor sign** the document "DECLARATION OF VICTORIA J. BRUSH" dated 22 day of April 2013 **[Ms. Victoria Brush's 2/27/17 Deposition, p. 20:16 – p. 21:12, Exhibit C]**. This **confirmed** Ms. JUDITH A. HOUSLEY's, a Board Certified Forensic Document Examiner specializing in Handwriting Identification, assessment, which stated, the document "DECLARATION OF VICTORIA J. BRUSH" dated 22 day of April 2013

is **in fact** "a simulation of an attempt to make the signature in question look authentic" **[Exhibit B, <u>AFFIDAVIT OF JUDITH A. HOUSLEY</u>]**.

b. Freescale's Privilege Log Bates Range FSL.PRIV000045 and FSL.PRIV000046-FSL.PRIV000063 **[Defendant's Privilege Log, p. 4-5, Exhibit D]** shows that Ms. Victoria J. Brush and Defendant's Officer Ms. Leah S. Freed, were the **only people involved** with the creation of the document "DECLARATION OF VICTORIA J. BRUSH" dated 22 day of April 2013. However, Ms. Victoria J. Brush swore under oath that she **did not write nor sign** this document. Because **she had no knowledge of the existence of the foregoing document,** Ms. Victoria J. Brush had no knowledge **of the purpose for which the foregoing document was written [Ms. Victoria Brush's 2/27/17 Deposition, p. 21:7-12, Exhibit C]. Thus, implying that Defendant's Officer Ms. Leah S. Freed, counsel for Freescale, created this document without Ms. Brush's knowledge**. Ms. Victoria J. Brush also stated that she could not remember if any conversation between her and **Defendant's Officer Ms. Leah S. Freed** ever occurred, as the Defendant's Privilege Log states **[Ms. Victoria Brush's 2/27/17 Deposition, p. 38:22 p.39:14, Exhibit C]**.

c. The document "DECLARATION OF VICTORIA J. BRUSH" **[Exhibit A]** dated 22 day of April 2013, has a forged signature. According to Ms. JUDITH A. HOUSLEY, a Board Certified Forensic Document Examiner specializing in Handwriting Identification, determined that, **the signature** is "a simulation of an attempt to make the signature in question look authentic" **[Exhibit B, <u>AFFIDAVIT OF JUDITH A. HOUSLEY</u>]**.

11. **On June 24 and 25, 2019, Plaintiff served a Notice of Retraction to the State of Arizona's Public Courts and Defendant Pursuant to A.R.S. § 12-653.02, a Notice of Retraction of**

Libelous statements of fictitious events published on State of Arizona's Public Court Records be RETRACTED.

12. Pursuant to A.R.S. § 12-653.03 Failure to publish or broadcast correction gives Plaintiff **PROBABLE CAUSE** that Defendant intentionally defamed Plaintiff's Character. **Defendant has never Retracted its Defamatory Statements of fictitious events. Defendant has never provided any evidence supporting the validity of its Defamatory Statements of fictitious events**. By not retracting nor providing evidence, Defendant is **confessing/ admitting guilt** that (1) it intentionally **Defamed** Plaintiff's **reputation and career**, (2) it intentionally **deceived and misled** multiple Superior Court's Honorable Judges into **relying upon its Defamatory Statements of fictitious events** as being **materially factual,** and (3) it intentionally **deceived and misled** multiple Superior Court's Honorable Judges **into publishing its Defamatory Statements of fictitious events into Arizona's Superior Public Court Records as material facts in the justification they made in** making their Rulings and Orders.

13. Defendant's **Defamatory Statements of fictitious events** deception has vitiated and tainted Plaintiff's cases in the State of Arizona's Superior Public Courts to where none of the Judges/Justices could perform their judicial function of being fair and impartial. In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "**Fraud upon the court** is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... **It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted**".

14. **Plaintiff has prima facie evidence that Defendant: (1) has committed the following wrongdoings: "fabrication of evidence by an attorney", "forged signature" on a**

document that is "a simulation of an attempt to make the signature in question look authentic", hearsay that does not meet any exceptions, denying deposition of a material witness and Libel, (2) has deceived and misled multiple Honorable Judges of the State of Arizona's Superior Public Court into relying upon its Libel (Defamatory Statements of fictitious events) wrongdoings as PERFECTLY ACCEPTABLE material facts, and (3) has been REWARDED for its Libel (Defamatory Statements of fictitious events) wrongdoings from the State of Arizona's Superior Public Courts. This is clearly a scandalous matter.

15. The following event occurred on May 25, 2011, Freescale Semiconductor, Inc. (Freescale) put Plaintiff on Administrative Leave pending an investigation. Freescale, to this day, has never taken Plaintiff off of Administrative Leave. Freescale never did an investigation for sexual harassment, there is no admissible material evidence that suggests that it did. Freescale never terminated Plaintiff's employment for cause on May 26, 2011, there is no admissible material evidence that suggests that it did. This also is clearly a scandalous matter.

16. Defendant's Defamatory/Libelous Statements of fictitious events "In May of 2011, Freescale had received a complaint that Plaintiff was sexually harassing female employees. After an investigation by Freescale, Freescale concluded that the allegations had validity, and Plaintiff was terminated on May 26, 2011 from his employment with Freescale." are viscous Lies that have (1) damaged Plaintiff's reputation and career, ( 2) deceived and misled the Courts with fictitious facts of events, and (3) deceived multiple Honorable Judges into preventing Plaintiff from having a fair submission of the controversies. By publishing Defendant's Defamatory/Libelous Statements of fictitious events on Public Court Records as material evidence, the Honorable Judges of Arizona's Superior Public Courts relied upon Defendant's Defamatory/Libelous Statements of

fictitious events as material facts in justifying making their Rulings and Orders - clearly a scandalous matter.

17. **This case has sprung out of Defendant's Defamatory/Libelous Statements of fictitious events** (1) Freescale did an investigation on allegations of sexual harassment on Plaintiff and (2) Freescale terminated Plaintiff's employment for cause based on their investigation results on allegations of sexual harassment. Defendant **deceived and misled multiple Honorable Judges in the State of Arizona's Superior Public Courts into relying upon its Defamatory/Libelous Statements of fictitious events as material facts in justifying making their Rulings and Orders, thus preventing Plaintiff from a having a fair submission of the controversies. In summary, (1) Defendant has misled multiple Honorable Judges into believing and relying upon its Defamatory/Libelous Statements of fictitious events as material facts, (2) Defendant has deceived multiple Honorable Judges into publishing its Defamatory/Libelous Statements of fictitious events into the State of Arizona's Superior Public Court Records, and (3) Defendant has deceived multiple Honorable Judges into relying upon its Defamatory/Libelous Statements of fictitious events as material facts in justifying making their Rulings and Orders.**

18. **Plaintiff has never litigated a case for the claims of Defamation of Character and Fraud on the Court, because of Defendant's scandal to mislead multiple Courts with Extrinsic Fraud, "fabrication of evidence by an attorney", and Defamatory/Libelous Statements of fictitious events. These Courts were improperly influenced, relying upon these libels as material Facts. Plaintiff has never presented his case in court. Plaintiff has been deprived the opportunity to be heard. Defendant's Defamatory/Libelous Statements of fictitious events were never purported by Freescale in any document.**

## STATEMENT OF CLAIM ONE
## Defamation of Character

19. **Defendant's Defamatory/Libelous Statements of fictitious events** (1) Freescale did an investigation on allegations of sexual harassment on Plaintiff and (2) Freescale terminated Plaintiff's employment for cause based on their investigation results on allegations of sexual harassment, **are Vicious Heinous Lies published** in the State of Arizona's Superior Court Records, **purporting Plaintiff's reputation as a person who was terminated for sexual harassment, a pervert.**

20. Defendant has never Retracted its Defendant's **Defamatory/Libelous** Statements of fictitious events.

21. Defendant has never provided any evidence supporting the validity of its **Defamatory/Libelous** Statements of fictitious events.

22. By not retracting nor providing evidence supporting the validity of its **Defamatory/Libelous** Statements of fictitious events, Defendant is **confessing/admitting guilt** that (1) it intentionally damaged Plaintiff's **reputation and career,** (2) it intentionally **deceived and misled** multiple Honorable Judges with fictitious facts of events with its **fabricated** material evidence, (3) it intentionally **deceived and misled** multiple Honorable Judges into relying upon its fictitious facts of events as material facts, (4) it intentionally **deceived** multiple Honorable Judges into publishing into the State of Arizona's Superior Public Court Records fictitious facts of events as material facts, and (5) it intentionally **deceived** multiple Honorable Judges into justifying their Rulings and Orders based on its fictitious facts of events, thus preventing Plaintiff from having a fair submission of the controversies. **Clearly a scandalous matter.**

23. Defendant's **fabricated** documents, via its Officer Ms. Leah S. Freed, counsel for Freescale, "DECLARATION OF VICTORIA J. BRUSH", dated April 22, 2013 and January 10, 2017, **makes** the **Defamatory/Libelous Statement** of fictitious events that Freescale terminated

Plaintiff's employment for cause on May 26, 2011.  Defendant **submitted** these documents into the Courts as material evidence.  There is no evidence that suggests that Freescale terminated Plaintiff's employment for cause on May 26, 2011.

24. Plaintiff has **PRIMA FACIE evidence,** paystubs with standard deductions **(401k, medical, dental, etcetera)** from Freescale dated May 28, 2011 and June 11, 2011, that Plaintiff's employment with Freescale was **never** terminated for cause on May 26, 2011.  **Defendant deceived and misled the State of Arizona's Superior Public Courts into believing LIBEL that Plaintiff was "terminated on May 26, 2011" from Freescale for cause.**

25. Defendant's **Defamatory/Libelous Statements** of fictitious events submitted into the Arizona's Superior Public Courts as **material facts** are as follow: (1) Freescale did an investigation on allegations of sexual harassment on Plaintiff and (2) Freescale terminated Plaintiff's employment for cause based on their investigation results on allegations of sexual harassment on May 26, 2011, **are malicious lies.**  Defendant has propagated these malicious lies, **Defamatory/Libelous Statements** of fictitious events, **LIBEL**, throughout the State of Arizona's Public Courts (Superior Court of the State of Arizona in and for the County of Maricopa and Arizona Court of Appeals Division One).  **Plaintiff's Reputation and Career is being/has been damaged by Defendant, via the State of Arizona's Superior Public Courts, by deceiving and misleading Honorable Judges into writing Defendant's LIBEL, Defamatory/Libelous Statements** of fictitious events, **into Arizona's Superior Public Records as material facts.**

26. On June 3, 2013, the Honorable Judge Neil V. Wake, who presided over Case No. CV-2:12-01907-PHX-NVW in the United States District Court District of Arizona, wrote, in ORDER paragraph 1, the following **LIBEL** "The uncontroverted evidence establishes that Defendant articulated legitimate non-discriminatory reasons terminating Plaintiff and that Defendant's reason were sincere."  **These findings/facts that are on Public Record by Defendant, via**

the Honorable Judge Neil V. Wake, are Defamatory/Libelous Statements of fictitious events are causing /have caused damages to Plaintiff's Reputation and Career.

27. On July 24, 2017, the Honorable Judge David K. Udall, who presided over Case CV 2016-092450, wrote, in MINUTE ENTRY page 2, paragraph 1, the following **LIBEL** "The Court finds that the Plaintiff was hired to work at Freescale Semiconductor, Inc. (Freescale) in 2004. The Court further finds that in May of 2011, Freescale had received a complaint that Plaintiff was sexually harassing female employees. The Court further finds that after an investigation by Freescale, it concluded that the allegations had validity, and he was terminated on May 26, 2011 from his employment with Freescale." Clearly, the Honorable Judge David K. Udall was fooled by **Defendant's Libelous Statements of fictitious events** contained in the document "Declaration of Victoria J. Brush", which was fabricated by Defendant, Freescale's attorney, as material evidence, as being materially factual. The Honorable Judge David K. Udall relied upon Defendant's **LIBEL** as being materially factual, as one can ascertain from his findings, when he granted Freescale's Motion for Summary Judgment. **These findings/facts that are on Public Record by Defendant, via the Honorable Judge David K. Udall, are Defamatory/Libelous Statements of fictitious events are causing /have caused damages to Plaintiff's Reputation and Career.**

28. On March 8, 2019, the Honorable Judge David J. Palmer, who presided over Case CV 2018-096596, wrote, in UNDER ADVISEMENTS RULING page 2, paragraph 1, the following **LIBEL** "The genesis of that suit was the investigation into Plaintiff's behavior by Freescale when he was employed by them. That investigation resulted in findings made by that company that were not favorable to him and in fact substantiated claims of harassing and sexually harassing behavior on Plaintiff's part, which ultimately resulted in his termination." **These findings/facts that are on Public Record by Defendant, via the Honorable Judge David J. Palmer, are Defamatory/Libelous Statements of fictitious events are causing /have caused damages to Plaintiff's Reputation and Career.**

29. On May 1, 2019, the Honorable Judge David J. Palmer, who presided over Case CV 2018-096596, wrote, in UNDER ADVISEMENTS RULING page 2, paragraph 1, the following **LIBEL "**Mr. Myers' claims in all of the matters discussed below arose out of a sexual harassment investigation due to Mr. Myers' inappropriate behavior as an employee of Freescale Semiconductor. ("Freescale") That investigation resulted in Mr. Myers' termination from Freescale." **These findings/facts that are on Public Record by Defendant, via the Honorable Judge David J. Palmer, are Defamatory/Libelous Statements of fictitious events are causing /have caused damages to Plaintiff's Reputation and Career.**

30. In January of 2019, the Court of Appeals Division One, case No. 1-CA-CV 17-0745 affirmed case No. CV-2016-092450.  The State of Arizona's Court of Appeals Division One, **ignoring** Plaintiffs **PRIMA FACIE** evidence that **Defendant's Defamatory/Libelous Statements of fictitious events** are **Vicious Lies, written into Public Court Records** that Defendant's **LIBEL, Defamatory/Libelous Statements of fictitious events,** are **materially factual**.  Clearly, the impartial functions of the court have been directly corrupted.  **This is clearly damage to Plaintiff's Reputation and Career.**

31. In June of 2019, Plaintiff submitted to: (1) the Arizona Superior Court, Case No. CV-18-0335-PR, (2) the Court of Appeals, Division One, Case No. 1-CA-CV 17-0745, and (3) the Maricopa County Superior Court, Case No. CV-2016-092450, Case No. CV-2018-096596 and Case No. CV-2019-004491, **A NOTICE OF LIBELOUS STATEMENTS OF FICTITIOUS EVENTS BE RETRACTED PURSUANT TO A.R.S. § 12-653.02.**

32. **Defendant has never retracted its Libelous Statements of fictitious events that (1) Freescale did an investigation on allegations of sexual harassment on Plaintiff and (2) Freescale terminated Plaintiff's employment for cause based on their investigation results on allegations of sexual harassment on May 26, 2011.  And Defendant has never**

provided any evidence that suggests its **Defamatory/Libelous Statements of fictitious events are truthful or materially factual.**

33. Pursuant to A.R.S. § 12-653.03 Failure to publish or broadcast correction gives Plaintiff **PROBABLE CAUSE** that Defendant intentionally defamed Plaintiff's Character, damaging Plaintiff's Reputation and Career. **Defendant has never provided any evidence that suggests its Defamatory/Libelous Statements of fictitious events:** (1) Freescale did an investigation on allegations of sexual harassment on Plaintiff and (2) Freescale terminated Plaintiff's employment for cause based on their investigation results on allegations of sexual harassment on May 26, 2011 (a.k.a. Defendant's LIBEL) **are truthful or materially factual.** Defendant has **never Retracted** its **Defamatory/Libelous Statements of fictitious events,** wherefore Defendant is **confessing/admitting guilt** to intentionally damaging Plaintiff's Reputation. By covering up a **scandalous matter** of deceiving and misleading the Courts with **its fabricated Defamatory/Libelous Statements of fictitious events,** Defendant is avoiding the possibility of **punishment for crimes** its Officer Ms. Leah S. Freed has clearly **committed.**

34. The elements of a libel suit are:

    a. A defamatory statement - **Defendant's Statements of fictitious events (1) Freescale did an investigation on allegations of sexual harassment on Plaintiff and (2) Freescale terminated Plaintiff's employment for cause based on their investigation results on allegations of sexual harassment on May 26, 2011, are Defamatory Statements**.

    b. Published to a third party - **Defendant's Defamatory/Libelous Statements of fictitious events are published on the State of Arizona's Public Court Records as being material facts.**

c.  Which the speaker knew or should have known was false - **Defendant was perfectly aware of the falsity of its Defamatory/Libelous Statements of fictitious events. Defendant refused to Retract its Defamatory/Libelous Statements of fictitious events. Defendant refused to provide any evidence to support the validity of its Defamatory/Libelous Statements of fictitious events. <u>By not retracting its Defamatory/Libelous Statements of fictitious events, Defendant is Confessing/admitting guilt that it intentionally Defamed Plaintiff's Reputation and it intentionally Deceived and Misled the Courts into relying upon its Defamatory/Libelous Statements of fictitious events as material facts</u>. Defendant knew perfectly well its Defamatory/Libelous Statements of fictitious events came from its Officer Ms. Leah S. Freed's fabricated material evidence. Freescale has never purported Defendant's Defamatory/Libelous Statements of fictitious events in any document.**

d.  That causes injury to the subject of the communication - **Defendant's Defamatory/Libelous Statements of fictitious events are causing /have caused damages to Plaintiff's Reputation and Career and has influenced the Courts corruptly to where the Courts are preventing/ have prevented Plaintiff from having a fair submission of the controversies.**

## <u>STATEMENT OF CLAIM TWO</u>

### <u>Fraud on the Court</u>

35. **The foregoing Defamatory/Libelous Statements of fictitious events were fabricated by Defendant's Officer Ms. Leah S. Freed and not by any of the participants in the judicial proceedings. Defendant's Defamatory/Libelous Statements of fictitious events** were **fabricated** for the **purpose of deceiving and misleading** Honorable Judges into publishing its fabricated admissible material evidence of fictitious events as material facts, thus fooling Honorable Judges into **relying** upon the foregoing **Defamatory/Libelous Statements of**

**fictitious events as material facts** in justifying making their Rulings and Orders. **Thus,** preventing Plaintiff from having a fair submission of the controversies.

36. **Defendant's Officer Ms. Leah S. Freed** fabricated the following Defamatory/Libelous Statements of fictitious events (1) "16. Based upon my investigation, I concluded that Mr. Myers engaged in sexual harassment and other inappropriate conduct in the workplace, in violation of Freescale's Safe and Respectful Workplace Policy." and (2) "17. On May 26, 2011, Freescale terminated Mr. Myers's employment. I informed Mr. Myers that the reason for his termination was sexual harassment.", in her fabricated document "DECLARATION OF VICTORIA J. BRUSH" dated April 22, 2013. Defendant's Defamatory/Libelous Statements of fictitious events fooled multiple Honorable Judges into publishing its fabricated Defamatory/Libelous Statements of fictitious events into the State of Arizona's Superior Public Court Records as material facts. **Freescale never purported Defendant's Defamatory/Libelous Statements of fictitious events in any document. Defendant's Defamatory/Libelous Statements of fictitious events never occurred in the actual issues. There is no evidence from Freescale that suggests Freescale purported doing an investigation on Plaintiff and as a result of their investigation terminated Plaintiff's employment in May of 2011, until Defendant's Officer Ms. Leah S. Freed fabricated its Defamatory/Libelous Statements of fictitious events and presented it to multiple Courts as material facts. Multiple Honorable Judges relied upon Defendant's Defamatory/Libelous Statements of fictitious events as being materially factual when they justified making their Rulings and Orders. Thus, multiple Courts have prevented Plaintiff from having a fair submission of the controversies.**

**The Elements for (Extrinsic) Fraud on the Court:**

    a.   <u>Misrepresentation of a material fact</u>

37. Defendant fabricated the **Defamatory/Libelous Statements of fictitious events** made in the document "DECLARATION OF VICTORIA J. BRUSH" dated April 22, 2013 as material

evidence.  Defendant **Deceived and Misled** multiple Honorable Judges into publishing in the State of Arizona's Superior Public Court Records its **Defamatory/Libelous Statements of fictitious events** as **material facts**.

### b.   Knowledge on the part of Defendant that it was misrepresenting the fact

38. Because Freescale **never purported** Defendant's **Defamatory/Libelous Statements of fictitious events in any document**, Defendant had **knowledge and was perfectly aware** that it was misrepresenting fictitious events as material facts.  When Defendant was served a Notice of Retraction to retract its Defamatory/Libelous Statements of fictitious events, Defendant **never retracted** its **Defamatory/Libelous Statements of fictitious events** nor did Defendant provide any evidence that suggests its **Defamatory/Libelous Statements of fictitious events** are truthful or materially factual.  **Thus** proving Defendant had knowledge that it was misrepresenting material facts with its Defamatory/Libelous Statements of fictitious. Clearly a scandalous matter.

### c.   The misrepresentation was made purposefully, with the intent of fooling the Court

39. Defendant **intentionally Fooled** multiple Honorable Judges into publishing into the State of Arizona's Superior Public Court Records its **Defamatory/Libelous Statements of fictitious events** as **material facts.  Defendant's misrepresentation was made purposefully**, not only with the intent of fooling the Honorable Judges but to prevent Plaintiff from obtaining a fair submission of the controversies.  **When confronted with a Notice of Retraction in June of 2019, Defendant refused to Retract its Defamatory/Libelous Statements of fictitious events and Defendant refused to provide any evidence that suggests its Defamatory/Libelous Statements of fictitious events are truthful or materially factual.** **By not retracting its Defamatory/Libelous Statements of fictitious events, Defendant is confessing/admitting guilt that it intentionally Defamed Plaintiff's character and it intentionally Deceived and Misled the Courts into relying upon its Defamatory/Libelous**

**Statements of fictitious events as material facts.** Defendant knew perfectly well that its fabricated material evidence of fictitious events would deceive and mislead Multiple Honorable Judges into publishing into the State of Arizona's Public Court Records her Defamatory/Libelous Statements of fictitious events as material facts. **Thus,** Defendant's misrepresentation was made purposefully with the intent of fooling the Court. **Defendant's Defamatory/Libelous Statements of fictitious events were fabricated by Defendant's Officer Ms. Leah S. Freed and not by any of the participants in the judicial proceedings.** *Note: Freescale has never purported Defendant's Defamatory/Libelous Statements of fictitious event in any document.*

### d.  The Court believed the misrepresentation and relied upon it

40. Multiple Honorable Judges **believed** Defendant's fabricated **Defamatory/Libelous Statements of fictitious events**, made in the document "DECLARATION OF VICTORIA J. BRUSH" dated April 22, 2013, as admissible material evidence. By the Courts publishing into the State of Arizona's Superior Public Court Records Defendant's Defamatory/Libelous Statements of fictitious events as **material facts**, the Courts relied upon Defendant's Defamatory/Libelous Statements of fictitious in justifying making their **Rulings and Orders. Thus,** proving that the Courts believed Defendant's misrepresentation, **Defamatory/Libelous Statements of fictitious events**, and relied upon it.

41. On June 3, 2013, the Honorable Judge Neil V. Wake, who presided over Case No. CV-2:12-01907-PHX-NVW in the United States District Court District of Arizona, wrote, in ORDER paragraph 1, the following **LIBEL** "The uncontroverted evidence establishes that Defendant articulated legitimate non-discriminatory reasons terminating Plaintiff and that Defendant's reason were sincere." **These findings/facts that are on Public Record by Defendant, via the Honorable Judge Neil V. Wake, are Defamatory/Libelous Statements of fictitious events that the Honorable Judge Neil V. Wake relied upon as material facts, preventing Plaintiff from having a fair submission of the controversies.**

42. On July 24, 2017, the Honorable Judge David K. Udall, who presided over Case CV 2016-092450, wrote, in MINUTE ENTRY page 2, paragraph 1, the following **LIBEL** "The Court finds that the Plaintiff was hired to work at Freescale Semiconductor, Inc. (Freescale) in 2004. The Court further finds that in May of 2011, Freescale had received a complaint that Plaintiff was sexually harassing female employees. The Court further finds that after an investigation by Freescale, it concluded that the allegations had validity, and he was terminated on May 26, 2011 from his employment with Freescale." Clearly, the Honorable Judge David K. Udall was fooled by **Defendant's Defamatory/Libelous Statements of fictitious events** contained in the document "Declaration of Victoria J. Brush", which was fabricated by Defendant, Freescale's attorney, as material evidence, as being materially factual. The Honorable Judge David K. Udall relied upon Defendant's **LIBEL** as being materially factual, as one can ascertain from his findings, when he granted Freescale's Motion for Summary Judgment. **These findings/facts that are on Public Record by Defendant, via the Honorable Judge David K. Udall, are Defamatory/Libelous Statements of fictitious events that the Honorable Judge David K. Udall relied upon as material facts, preventing Plaintiff from having a fair submission of the controversies.**

43. On March 8, 2019, the Honorable Judge David J. Palmer, who presided over Case CV 2018-096596, wrote, in UNDER ADVISEMENTS RULING page 2, paragraph 1, the following **LIBEL** "The genesis of that suit was the investigation into Plaintiff's behavior by Freescale when he was employed by them. That investigation resulted in findings made by that company that were not favorable to him and in fact substantiated claims of harassing and sexually harassing behavior on Plaintiff's part, which ultimately resulted in his termination." **These findings/facts that are on Public Record by Defendant, via the Honorable Judge David J. Palmer, are Defamatory/Libelous Statements of fictitious events that the Honorable Judge David J. Palmer relied upon as material facts, preventing Plaintiff from having a fair submission of the controversies.**

44. On May 1, 2019, the Honorable Judge David J. Palmer, who presided over Case CV 2018-096596, wrote, in UNDER ADVISEMENTS RULING page 2, paragraph 1, the following **LIBEL** "Mr. Myers' claims in all of the matters discussed below arose out of a sexual harassment investigation due to Mr. Myers' inappropriate behavior as an employee of Freescale Semiconductor. ("Freescale") That investigation resulted in Mr. Myers' termination from Freescale." **These findings/facts that are on Public Record by Defendant, via the Honorable Judge David J. Palmer, are Defamatory/Libelous Statements of fictitious events that the Honorable Judge David J. Palmer relied upon as material facts, preventing Plaintiff from having a fair submission of the controversies.**

45. In January of 2019, the Court of Appeals Division One, case No. 1-CA-CV 17-0745 affirmed case No. CV-2016-092450.  The State of Arizona's Court of Appeals Division One, **ignoring** Plaintiffs **PRIMA FACIE** evidence that **Defendant's Defamatory/Libelous Statements of fictitious events** are **Vicious Lies, written into Public Court Records** that Defendant's **LIBEL, Defamatory/Libelous Statements of fictitious events**, are **materially factual**.  Clearly the impartial functions of the court have been directly corrupted, **clearly causing damage to Plaintiff's Reputation and Career.  The State of Arizona's Public Courts have been fooled by Defendant's LIBEL, Defamatory/Libelous Statements of fictitious events, as material facts, influencing the Courts Rulings and Orders.  The impartial functions of the court have been directly corrupted, preventing Plaintiff from having a fair submission of the controversies.**

### e.  The Plaintiff suffered damages as a result of the misrepresentation

46. Plaintiff's Reputation and Career is being/have been damaged by Defendant's fabricated **Defamatory/Libelous Statements of fictitious events, heinous lies**.  Because Defendant's fabricated **Defamatory/Libelous Statements of fictitious events** are published into the State of Arizona's Superior Public Court Records as material facts, meaning that the Courts

believed Defendant's **Defamatory/Libelous Statements of fictitious events** misrepresentation and relied upon it, the Courts have **prevented** Plaintiff from having **a fair submission of the controversies,** blocking Plaintiff from obtaining his due **Relief** from Freescale. **Clearly a Scandalous matter.  Defendant's Defamatory/Libelous Statements of fictitious events were fabricated by Defendant's Officer Ms. Leah S. Freed and not by any of the participants in the judicial proceedings.  *Note: Freescale has never purported any of Defendant's Defamatory/Libelous Statements of fictitious events.***

47. Plaintiff suffers ongoing monetary damages from Defendant's **Fraudulent Scheme** of knowingly, intentionally, and fabricating false material evidence, **Defamatory/Libelous Statements of fictitious events**, that fooled the Honorable Judge David K. Udall into relying upon it, when he granted Freescale's Motion for Summary Judgment.  On October 19, 2017, the Honorable Judge David K. Udall, who presided over Case CV 2016-092450, wrote into Court's Minute Entry, "**IT IS ORDERED** granting Freescale's Motion for Attorneys' Fees and Non-Taxable Costs, Pursuant to A.R.S. §§12-341, 12.341.01 (A), & 12-349 filed August 14, 2017.  The Court awards Freescale attorney's fees in the amount of $38,848.60 and costs in the amount of $1,175.15."

48. Plaintiff suffers ongoing monetary damages from Defendant's **Fraudulent Scheme** of knowingly, intentionally, and fabricating false material evidence, **Defamatory/Libelous Statements of fictitious events**, that fooled the Honorable Judge David J. Palmer into relying upon it, when he granted Defendant's Motion to Dismiss.  On October 4, 2019, the Honorable Judge David J. Palmer, who presided over Case CV 2018-096596, wrote into Judgment Minute Entry, "**IT IS THEREFORE ORDERED** awarding Judgment to Defendants and against Plaintiff William Myers, for attorney's fees in the amount of $50,285.00, and costs in the amount of $466.00."

49. Attempting to obtain Plaintiff's civil rights of legal relief, justice and due process from the State of Arizona's Superior Public Courts, Plaintiff has suffered enormous stress, anxiety, shock and depression for more than seven years of his life. **Defendant's commission of Fraud on the Court has deceived and misled the State of Arizona's Superior Public Courts into relying upon its Defamatory/Libelous Statements of fictitious events as material facts, fooling the State of Arizona's Superior Public Courts. These libels have prevented Plaintiff from having a fair submission of the controversies. THIS IS A CLEAR VIOLATION OF DUE PROCESS.**

50. 'While a party may seek relief from a judgment based on intrinsic or extrinsic fraud, only extrinsic fraud will support a collateral attack on the judgment in a separate case. See Roberson v. Teel, 20 Ariz. App. 439, 449 (1973). Fraud on the court is a form of extrinsic fraud. See McNeil v. Hoskins, 236 Ariz. 173, 176 ~ 14 (App. 2014). A claim for extrinsic fraud exists when a party "has committed some intentional act or conduct ... [that] has prevented the unsuccessful party from having a fair submission of the controversy."

51. Plaintiff has never litigated a case for claims of Defamation of Character and Fraud on the Court because Defendant, via its Officer Ms. Leah S. Freed, has misled multiple Courts with **Extrinsic Fraud**, "fabrication of evidence by an attorney", which has **tainted and vitiated** all of Plaintiff's prior cases.

52. In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties ...false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted." Plaintiff has **PRIMA FACIE** evidence that Defendant's Officer Ms. Leah S. Freed, Freescale's attorney, fabricated material evidence that fooled Honorable Judges,

whom presided over Case No. CV13-01907-PHX-NVW, Case CV 2016-092450 and Case CV 2018-096596, **into believing and relying upon Defendant's Defamatory/Libelous Statements of fictitious events as material facts has prevented multiple Honorable Judges from performing their judicial function --- thus the impartial functions** of the State of Arizona's Superior Public Courts have been directly corrupted.

53. Defendant has deceived and misled multiple Honorable Judges of the State of Arizona's Superior Public Courts into believing and relying upon its **Defamatory/Libelous Statements of fictitious events** as being materially factual has vitiated and tainted Plaintiff's cases in the State of Arizona's Superior Public Courts to where none of the Judges/Justices could perform their judicial function of being fair and impartial.  In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated **"Fraud upon the court** is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... **It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."**

54. Defendant's **Extrinsic Fraud** prevented Plaintiff from presenting his case in court and deprived Plaintiff from the opportunity to be heard.  **Defendant's Defamatory/Libelous Statements of fictitious events never occurred.**  *Note: Freescale has never purported Defendant's Defamatory/Libelous Statements of fictitious event in any document.*

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff William J. Myers, Jr., for cause of action against Defendant, is seeking the following relief:

1. Litigation damages from Sanctions.

2.  Punitive damages for Defendant's heinousness fraudulent actions.

3.  Punitive damages for damages to Plaintiff's reputation and career.

4.  **Defendant's Officer Ms. Leah S. Freed admit on Record that she fabricated the Defamatory statements contained in the document "Declaration of Victoria J. Brush".**

5.  **Defendant's Officer Ms. Leah S. Freed admit on Record that she fabricated the Defamatory statements contained in the document "Declaration of Victoria J. Brush" as material evidence to mislead/fool the Courts into acquiring acquittals for her client Freescale.**

Plaintiff is suing Defendant for the following wrongdoings: (1) Defamation of Character and (2) Fraud on the Court.  Plaintiff requests that this Court:

1.  Grant such other and further relief as this Court may deem just and proper in the public interest, and

2.  **Grant a jury trial** to determine the financial damages incurred by Plaintiff as a result of Defendant's wrongdoings.

Plaintiff has **Probable Cause, Preponderance of evidence and Prima Facie evidence** that Defendant committed **Defamation of Character** and **Fraud on the Court**.  **Defendant's Defamatory/Libelous Statements of fictitious events, a clear misrepresentation of the facts,** has **influenced** multiple Honorable Judges into **relying upon it** as **material facts** as the **justification** for making their Rulings and Orders.  **Thus, Defendant's Fraud on the Court has influenced the Courts into preventing Plaintiff from having a fair submission of the controversies and has prevented/blocked Plaintiff from obtaining his rightful legal relief --- a clear violation of Plaintiff's DUE PROCESS.  Defendant's Defamatory/Libelous Statements of fictitious events never**

occurred.  **Defendant's Defamatory/Libelous Statements of fictitious events were fabricated by Defendant's Officer Ms. Leah S. Freed and not by any of the participants in the judicial proceedings.  *Note: Freescale has never purported Defendant's Defamatory/Libelous Statements of fictitious event in any document.***

RESPECTFULLY SUBMITTED this 13th day of January 2020.

William Joseph Myers Jr.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury, of not less than Twelve (12) persons, as to all issues triable to a jury in this matter.

DATED this 13th day of January 2020.

William Joseph Myers Jr.

William J. Myers
PO Box 11866
Chandler, Arizona 85248
Tel: 719.661.4813
wjmyersjrjr@cox.net
*Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Myers Jr., <br><br>         Plaintiff, <br><br> V. <br><br> Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800, <br><br>         Defendant. | CERTIFICATE OF COMPULSORY ARBITRATION |

COMES NOW PLAINTIFF, and certifies that this action is not subject to local rules of Arbitration for the reason that it involves an amount in controversy MORE than the limit set for arbitration.

RESPECTFULLY SUBMITTED this 13th day of January 2020.

William Joseph Myers Jr.